1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7             FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    BRUCE PATRICK HANEY,                    1:09-cv-01798-AWI-DLB (PC)

10           Plaintiff,                      FINDINGS AND RECOMMENDATION TO
                                             DISMISS CASE FOR FAILURE TO OBEY A
11      v.                                   COURT ORDER AND FAILURE TO STATE
                                             A CLAIM
12   B. SANDERS, et al.,
                                             OBJECTIONS, IF ANY, DUE IN 20 DAYS
13
             Defendants.
14   _____/

15       On December 3, 2009, the court issued an order dismissing the complaint, with leave to

16   amend, within thirty (30) days.  The thirty (30)-day period has now expired, and plaintiff has not

17   filed an amended complaint or otherwise responded to the court's order.

18       Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

19   Rules or with any order of the Court may be grounds for the imposition by the Court of any and

20   all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

21   to control their dockets and "in the exercise of that power, they may impose sanctions including,

22   where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

23   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

24   an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*

25   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*

26   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

27   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

28   1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

-1-

1    apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

2    for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

3    1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

4         In determining whether to dismiss an action for lack of prosecution, failure to obey a

5    court order, or failure to comply with local rules, the court must consider several factors: (1) the

6    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

7    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

8    their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

9    *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

10   *Ghazali*, 46 F.3d at 53.

11        In the instant case, the court finds that the public's interest in expeditiously resolving this

12   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

13   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

14   injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air*

15   *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition

16   of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed

17   herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in

18   dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19   *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly warned that if

20   Plaintiff failed to comply, the action will be dismissed for failure to state a claim.  Thus, plaintiff

21   had adequate warning that dismissal would result from his noncompliance with the court's order.

22        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

23   plaintiff's failure to obey the court's order of December 3, 2009, and for failure to state a claim

24   upon which relief may be granted.

25        These findings and recommendations are submitted to the United States Judge assigned to

26   the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after

27   being served with these findings and recommendations, plaintiff may file written objections with

28   the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

-2-

−3−

1  Recommendations."  The parties are advised that failure to file objections within the specified

2  time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153

3  (9th Cir. 1991).

4          IT IS SO ORDERED.

5      **Dated:**   **June 17, 2010**                      **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28