# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. SANDERS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-01798-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 12)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

**I.　　Background**

　　Plaintiff Bruce Patrick Haney ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on October 13, 2009. Doc. 1. On December 3, 2009, the Court dismissed Plaintiff's complaint with leave to amend. On November 22, 2010, Plaintiff filed his first amended complaint. Doc. 12.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary Of Amended Complaint**

Plaintiff is currently incarcerated at California State Prison, Corcoran ("CSP-Cor") in Corcoran, California. Plaintiff names as Defendants B. Sanders, librarian, and S. Wortman, supervising librarian.

Plaintiff alleges the following. In March 2009, Plaintiff sent legal documents to the law library for copying in order to meet a court deadline. Defendant Sanders refused to provide legal copies, or in-cell legal paging. Plaintiff then filed an inmate grievance regarding this, contending interference with Plaintiff's access to the courts. Plaintiff was interviewed by Defendant Wortman, who denied Plaintiff's grievance. Defendant Wortman found that PLU inmates get two hours of access to the law library once a week, and could write notes off the computer and make legal copies.

Plaintiff then filed an inmate grievance against Defendant Wortman. Defendant Wortman ordered all prison law librarians at CSP-Cor to not provide legal paging, copies of Title 15 of the California Code of Regulations as exhibits, copies of civil subpoenas, change of address forms, or 602 inmate grievance forms. Plaintiff contends that Defendant Wortman denied Plaintiff PLU access to the law library to prepare for a hearing and to prepare an opposition to a motion for summary judgment.

Plaintiff seeks as relief monetary damages.

### III. Analysis

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. *Christopher*, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-18.

Here, Plaintiff fails to state a claim against any Defendants. Plaintiff has failed to allege an actual injury by being shut out of court. Plaintiff asserts interference with his ability to litigate actions, but fails to allege with any specificity the nature of the underlying claims. Additionally, Plaintiff fails to allege how Defendants' refusal to provide free copies, or to provide in-cell legal paging constitutes a denial of access to the courts.

Plaintiff was provided an opportunity to amend his complaint to cure the deficiencies identified, but failed to do so. Accordingly, further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

///

**IV.     Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

2. This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and

3. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 22, 2011**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE